UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BREONCA CASEY,<br><br>             Plaintiff,<br>      vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY; DOES I through X, and ROE CORPORATIONS I through X, inclusive<br><br>             Defendants. | Case No.: 2:15-cv-02367-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Supplement to Petition for Removal (ECF No. 6) filed by Defendant American Family Mutual Insurance Company ("American Family Mutual"). Because the Court lacks subject matter jurisdiction over the case, the Court remands this case to the Eighth Judicial District Court.

**I.      BACKGROUND**

Plaintiff Breonca Casey ("Plaintiff") originally filed her complaint in state court on September 4, 2015. (*See* Compl., ECF No. 1). In her Complaint, Plaintiff alleges that on November 10, 2010, she was injured in a motor vehicle collision caused by the negligence of non-party tortfeasors. (*Id.* at ¶ 7). She further alleges that at the time of the accident, her vehicle was insured by American Family Mutual with a policy that included underinsured motorist ("UIM") coverage and that she could not recover the full amount of her damages from the non-party tortfeasors. (*Id.* at ¶¶ 6–14).

On December 10, 2015, American Family Mutual removed the action to this Court asserting that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). (Pet. for Removal ¶ 6, ECF No. 1). Specifically, American Family Mutual asserts that Plaintiff is a resident of

Nevada and that Defendant American Family Mutual is a company organized and existing under the laws of the State of Wisconsin. (*Id.* ¶¶ 4–5). American Family Mutual further asserts that "[t]he amount in controversy is in excess of $75,000.00, as demonstrated by the Complaint." (*Id.* ¶ 6).

On December 11, 2015, after reviewing American Family Mutual's Petition for Removal (ECF No. 1), the Court entered an Order to Show Cause why the case should not be remanded to the state court for lack of subject matter jurisdiction. (Order to Show Cause, ECF No. 4). Specifically, the Court requested that American Family Mutual provide additional basis for its assertion that the case involved the requisite amount in controversy. (*Id.*). Subsequently, on December 23, 2015, American Family Mutual filed a Response to this Court's Order to Show Cause. (ECF No. 6).

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Furthermore, a court may raise the question of subject matter jurisdiction *sua sponte* at any time during the action. Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

District courts have jurisdiction in two instances. First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331. Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A defendant may remove an action to federal court only if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "Removal statutes are to be 'strictly construed'

against removal jurisdiction. *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Specifically, federal courts must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) (noting that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold").

## III.     DISCUSSION

In this case, American Family Mutual bases its removal of the action solely on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). However, American Family Mutual has failed to carry its burden of establishing that this Court has subject matter jurisdiction over this case. Although American Family Mutual established that the diversity of citizenship requirement is satisfied, it failed to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

In its Response to the Court's Order to Show Cause (ECF No. 6), American Family Mutual asserts that "[t]he facts and evidence in this case show that the amount in controversy exceeds $75,000.00." (Resp. to OSC 2:2–3, ECF No. 6). However, the few facts relied upon by American Family Mutual to justify that assertion instead support the exact opposite conclusion.

According to American Family Mutual, Plaintiff has "demanded the UIM policy limits of $25,000." (*Id.* 2:15). Moreover, American Family Mutual asserts that "Plaintiff seeks tort damages, statutory damages, punitive damages and attorney's fees." (*Id.* 2:17–3:1).

American Family Mutual is correct that Plaintiff's request for tort damages, statutory damages, punitive damages, and attorney's fees must also be taken into account when determining the amount in controversy in a case. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that, among other things, any exemplary or punitive damages or attorney fees that are sought in the complaint are included in the calculation to determine the amount in controversy). "However, the mere possibility of a punitive damages award is insufficient to prove the amount in controversy requirement has been met." *Welsh v. New Hampshire Ins. Co.*, 843 F. Supp. 2d 1006, 1010 (D. Ariz. 2012). A defendant must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000. *See McCaa v. Massachusetts Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004). To establish that the punitive damages will more likely than not exceed the amount needed to increase the amount in controversy above $75,000, a defendant must present evidence of probable punitive damages, for example, by introducing evidence of jury verdicts in analogous cases. *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004). Likewise, "for a court to consider attorneys' fees in its calculation of the amount in controversy, the defendant must provide factual support for its argument that such fees should be considered." *McCaa*, 330 F. Supp. 2d at 1150.

Here, American Family Mutual has failed to provide any information establishing that the amount sought in such damages or attorney's fees would result in the amount in controversy exceeding the statutorily required amount. Instead, American Family Mutual supports it contention that these damages will push the amount in controversy over the jurisdiction amount by citing damage awards in other cases. (Resp. to OSC 2:19–3:28). However, American Family Mutual provides no explanation as to how the facts in the cited cases are analogous to the facts of this case. Such unsubstantiated speculation is not evidence that such damages and attorneys' fees will more likely than not cause the amount in controversy to exceed $75,000.

For these reasons, American Family Mutual has failed to carry its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 and the case must be remanded to state court.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that this case is hereby remanded to the Eighth Judicial District Court. The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

**DATED** this 29 day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge